IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03388-PAB

JOSEPH MISIASZEK,

    Plaintiff,

v.

CALIFORNIA CASUALTY INDEMNITY EXCHANGE,

    Defendant.

## ORDER TO SHOW CAUSE

    The Court takes up this matter *sua sponte* on defendant's Notice of Removal to United States District Court for the District of Colorado [Docket No. 2]. Defendant asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 2 at 1, ¶ 2.

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles

of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendant asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Docket No. 2 at 1, ¶ 2. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260. The facts presently alleged are insufficient to establish plaintiff's and defendant's citizenship.

The notice of removal asserts that plaintiff "is a citizen of the State of Colorado." Docket No. 2 at 2, ¶ 3. However, there is no information cited to support this assertion. *See id.* The state court complaint states that plaintiff is "an individual and resident of the State of Colorado, County of Pueblo." Docket No. 2-4 at 1, ¶ 1. Residency is not

synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship.  *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").  Given that the only evidence of domicile is residency, the allegations are insufficient to allow the Court to determine the citizenship of plaintiff.

The notice of removal states "[d]efendant is a foreign corporation formed under the laws of California and maintains its principal office in California." Docket No. 2 at 2, ¶ 3.  Defendant provides a report it filed with the Colorado Secretary of State that lists California as the place of its formation and the location of its principal place of business. Docket No. 2-1 at 1.  If defendant is a corporation, this is sufficient to establish defendant's citizenship in California.  A corporation is deemed to be a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  However, if the defendant is not a corporation, and nothing in the Secretary of State filing suggests that it is, then it is not sufficient.  The citizenship of an unincorporated entity is determined not by its state of organization or principal place of business, but by the citizenship of all of its members.  *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.").  Caselaw suggests that defendant is not a corporation.  *See, e.g.*,

*Miller v. Cal. Cas. Indem. Exch.*, 2018 WL 2416589, at *2 (W.D. Okla. May 29, 2018) (remanding case because California Casualty Insurance Exchange's 2017 Annual Statement represented that "[t]he [c]ompany . . . is a special form of insurance organization that is not a corporation."); *cf. Arbuthnot v. State Auto. Ins. Ass'n*, 264 F.2d 260, 261-62 (10th Cir. 1959) (finding unincorporated reciprocal or inter-insurance exchange's citizenship determined by citizenship of its members). The Court finds the present allegations insufficient to demonstrate that defendant is a corporation; if defendant is not a corporation, then defendant must demonstrate diversity of citizenship as to each of its members.

Because the allegations are presently insufficient to allow the Court to determine the citizenship of plaintiff and defendant and whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)), it is

**ORDERED** that, on or before **January 18, 2021**, defendant shall show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction.

DATED January 4, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

4